OPINION
{¶ 1} Defendant Angela Hindel appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which revoked her community control sanctions and sentenced her to four months incarceration in the Coshocton County Justice Center. Appellant assigns a single error to the trial court:
{¶ 2} "The trial court erred when it sentenced defendant/appellant to ten (10) months in prison after a violation of a community control sanction when the court had not previously chosen a specific prison term from the range of prison terms, pursuant to O.R.C. 2929.14. The court failed to indicate a specific term to the defendant/appellant."
{¶ 3} On October 30, 2000, appellant entered a plea of guilty to one count of theft by deception. The court deferred sentencing until the adult probation department could complete a pre-sentence investigation.
{¶ 4} On December 18, 2000, appellant appeared before the court for sentencing. At the sentencing hearing, the court found the community control sanction is consistent with the purposes and principles of sentencing under R.C. 2929.11, and that appellant is amenable to an available community control sanction. The court sentenced the appellant to community control sanctions for a period of three years.
{¶ 5} In its judgment entry, the court outlined the conditions of the community control sanction. The court also stated that a violation of any of the community control sanctions shall lead to a more restrictive sanction, a longer sanction, or a prison term of six, seven, eight, nine, ten, eleven, or twelve months and a possible fine up to $2500.
Subsequently, the Adult Parole Authorities filed a motion to revoke appellant's community control. On February 19, 2002, the trial court conducted a hearing, and revoked appellant's community control sanction. The court then sentenced appellant to ten months confinement in a State institution. At the hearing, appellant objected to the imposition of a prison sentence because the court failed to follow the mandate of R.C.2929.19(B)(5).
{¶ 6} R.C. 2929.19(B)(5) states:
{¶ 7} "(5) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
{¶ 8} Appellant cites us to State v. Grodhaus (July 13, 2001), Washington Appellate Nos. 00CA40, in which the Fourth District Court of Appeals found a trial court must indicate during the original sentencing the specific prison term it would impose for violation of community control sanctions, and if it does not, the court may not impose a prison sentence if it finds a violation of the community control sanctions.
Recently, this court decided State v. Miller(December 30, 1999), Tuscarawas Appellate No. 1999AO020010. In Miller, this court reviewed a case wherein the appellant was placed on community control sanctions for a period of five years subject to specified terms and conditions. At a hearing on a motion to revoke probation the Tuscarawas County Court of Common Pleas imposed a specific term of three years, over the appellant's objection that no prison term could be imposed by the trial court's since no prison term had been imposed of the original sentencing.
{¶ 9} In Miller, we found the court clearly notified the defendant of the possible range of prison term he faced if he violated the terms of his community controls.
{¶ 10} The trial court's judgment entry filed December 18, 2000, mirrors R.C. 2929.19.
{¶ 11} We find at the time of the original sentencing, the appellant was notified of the exact range of sanctions she faced if she violated the terms of her community control sanction. Here, although the court had specifically informed appellant she faced a maximum of twelve months incarceration, the court actually imposed a lesser amount, specifically, ten months upon finding she had violated the conditions of her community control.
{¶ 12} The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Hoffman, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.